Gary M. Messing, Bar No. 075363
James W. Henderson, Jr., Bar No. 071170
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
980 9th Street, Suite 380
Sacramento, California 95814
Telephone: 916.446.5297
Facsimile: 916.448.5047

Attorneys for Plaintiff
EDANGEL FUENTEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| EDANGEL FUENTEZ, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF FRESNO, <br><br> Defendant. | Case No. 1:13-CV-01003-BAM <br><br> **STATUS CONFERENCE STATEMENT** <br><br> Judge: Hon. Barbara A. McAuliffe <br> Date: April 14, 2014 <br> Time: 9:00 a.m. <br> Crtrm.: 8 |

## I.

### INTRODUCTION

This action is one of 20 Fair Labor Standards Act cases that have recently been assigned to this Court for further handling. These matters are presently scheduled for a telephonic Status Conference on April 14, 2014. Although the Court did not request that the parties submit Status Conference Reports, the counsel for the plaintiffs felt that your Honor might gain some better understanding of the cases if a summary of their history and current status were provided in advance of the Status Conference.[1]

---

[1] The 20 cases are listed in Attachment A to this Statement. The same Status Conference Statement is being filed in 19 of those cases. In the 20th case, *Henry Franco v. County of Fresno*, U.S.D.C. Eastern District of California Case No.: 1:13-cv-00797-BAM, the parties are filing a Stipulation and Order dismissing the case with prejudice.

## II.

## LITIGATION HISTORY

In August, 2007 an action entitled *Juan Espinoza, et al. v. County of Fresno*, Action No. 1:07-CV-01145-OWW-SMS was filed in the United States District Court for the Eastern District of California and was assigned to the Honorable Judge Oliver Wanger. In that action, four Fresno County Deputy Sheriffs asserted claims for unpaid overtime under the Fair Labor Standards Act (FLSA) 29 U.S.C Section 210, et seq. This action was allowed to proceed as a collective action under 29 U.S.C. Section 216(b), and over 220 current and former members of the Fresno County Sheriff's Department joined the collective action as "opt in plaintiffs".

On August 3, 2011 Judge Wanger granted the defendant's Motion for Partial Summary Judgment regarding certain of the plaintiffs' claims and the case proceeded on the remaining claims. Following Judge Wanger's retirement from the bench, the matter was reassigned to Magistrate Judge Sandra M. Snyder. On September 7, 2012 the defendant filed a Motion for Decertification of Collective Action. On March 25, 2013 Judge Snyder issued an order granting the motion to decertify and ordering that the matter be dismissed as to the 220+ opt in plaintiffs. The *Espinoza* action was ordered to proceed as to the four named plaintiffs and Judge Snyder further provided that any opt in plaintiff who desired to continue to assert his or her claims could do so by filing a separate action. There are currently 18 "opt in" plaintiffs for whom the individual actions have been filed (including the *Franco* action discussed in footnote 1). In addition, 3 of the 4 named plaintiffs continue to assert claims in the original action (*Espinoza, et al. v. County of Fresno*).[2]

When the individual actions were originally filed last year, they were randomly assigned to various judges. By stipulation of the parties and agreement of the Court all of the matters were reassigned to Judge Gary S. Austin. The parties requested, and Judge Austin agreed to preside

---

[2] One of the named plaintiffs Eric Schmidt agreed to dismiss his claims and was dismissed from the *Espinoza* lawsuit.

over a Settlement Conference involving the parties and for that reason these matters were subsequently reassigned by stipulation of the parties to your Honor for further proceedings.

### III.
### FACTUAL CONTENTIONS

The plaintiffs contend that the County has failed to compensate the plaintiffs, current and former deputy sheriffs, for the time spent performing certain work activities including, but not limited to, the cleaning and maintenance of required uniforms, safety gear and department issued firearms, as well as the non-shift time spent engaged in meeting firearm qualification required by the County. The plaintiffs seek damages in the amount of the unpaid overtime, as well as liquidated damages, interest, attorneys' fees and costs. The County contends that these activities are not compensable work activities and that therefore the plaintiffs are not entitled to any overtime payments for the performance of these activities. The County further contends that even if the activities were compensable activities, the time spent working these activities is *de minimis* and that therefore the County has no obligation to pay the overtime.

### IV.
### DISCOVERY

The parties have already conducted extensive written and oral discovery in this matter. Each side has propounded Interrogatories, Requests for Admissions and Requests for Production seeking various information and documents pertinent to the issues in the case. In addition, each side has taken several depositions.

With respect to additional discovery to be accomplished, the plaintiffs are requesting for the defendant to provide supplemental payroll and work records so that the overtime calculations for the period since the last production of those records (2008) can be made.

### V.
### SETTLEMENT

As indicated above, Judge Austin conducted a Settlement Conference on February 21, 2014. At that time the parties were unable to reach a resolution of the matter. The parties are still pursuing direct negotiations regarding settlement.

## VI.

### TRIAL

Both sides have requested a jury trial in each of the actions. The estimate for trial is somewhat dependent on whether these cases are consolidated for purposes of trial or are tried individually. Individual trials would take approximately 4 – 6 days; if consolidated, it is estimated that trial could take 10 – 12 days.

Judge Wanger has previously ordered pursuant to agreement of the parties that the issues of liability and damages be bifurcated and tried in two separate phases before the same jury.

Counsel for the plaintiffs believe that it is appropriate at this time to set these cases for trial. Because of the additional discovery yet to be completed regarding updating the damages, the plaintiffs would request that trial be set for some time in the latter part of 2014 (November – December) or the early part of 2015 (January – February).

Dated: April 8, 2014               CARROLL, BURDICK & McDONOUGH LLP

By    /s/ James W. Henderson, Jr.
James W. Henderson, Jr.
Attorneys for Plaintiff
EDANGEL FUENTEZ

# EXHIBIT A

| CASE NAME | CASE NUMBER |
| --- | --- |
| Douglas Bolton v. County of Fresno | 1:13-CV-01006-BAM |
| Oscar Carter, II v. County of Fresno | 1:13-CV-00774-BAM |
| Jason Deimerly v. County of Fresno | 1:13-CV-00775-BAM |
| Jesus Diaz v. County of Fresno | 1:13-CV-01001-BAM |
| Anthony Dixon v. County of Fresno | 1:13-CV-00972-BAM |
| Daniel Epperly v. County of Fresno | 1:13-CV-00795-BAM |
| Juan Espinoza, et al. v. County of Fresno | 1:07-CV-01145-BAM |
| Michael Estrada v. County of Fresno | 1:13-CV-00778-BAM |
| Manuel Flores v. County of Fresno | 1:13-CV-00902-BAM |
| Henry Franco v. County of Fresno | 1:13-CV-00797-BAM |
| Edangel Fuentez v. County of Fresno | 1:13-CV-01003-BAM |
| Rex Garcia v. County of Fresno | 1:13-CV-00783-BAM |
| Robert Marean v. County of Fresno | 1:13-CV-00973-BAM |
| Brien Melkonian v. County of Fresno | 1:13-CV-01009-BAM |
| Matthew Millson v. County of Fresno | 1:13-CV-00784-BAM |
| George Ozburn v. County of Fresno | 1:13-CV-00790-BAM |
| Timothy Rivera v. County of Fresno | 1:13-CV-01004-BAM |
| John Sims v. County of Fresno | 1:13-CV-00989-BAM |
| James R. Watts v. County of Fresno | 1:13-CV-01007-BAM |
| Carlin Williams v. County of Fresno | 1:13-CV-00829-BAM |