Gary M. Messing, Bar No. 075363
James W. Henderson, Jr., Bar No. 071170
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
980 9th Street, Suite 380
Sacramento, California 95814
Telephone: 916.446.5297
Facsimile: 916.448.5047

Attorneys for Plaintiff OSCAR CARTER II

Michael G. Woods, Bar No. 058683-0
William H. Littlewood, Bar No. 202877
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
P.O. Box 28912
7647 N Fresno Street
Fresno, CA 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant COUNTY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| OSCAR CARTER II,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant. | Case No. 1:13-CV-00774-BAM and the following action numbers:<br><br>1:13-CV-00775-BAM<br>1:13-CV-00778-BAM<br>1:13-CV-00783-BAM<br>1:13-CV-00784-BAM<br>1:13-CV-00790-BAM<br>1:13-CV-00795-BAM<br>1:13-CV-00829-BAM<br>1:13-CV-00902-BAM<br>1:13-CV-00972-BAM<br>1:13-CV-00973-BAM<br>1:13-CV-00989-BAM<br>1:13-CV-01001-BAM<br>1:13-CV-01003-BAM<br>1:13-CV-01004-BAM<br>1:13-CV-01006-BAM<br>1:13-CV-01007-BAM<br>1:13-CV-01009-BAM<br><br>**JOINT STATUS CONFERENCE STATEMENT OF PLAINTIFFS AND DEFENDANT**<br><br>Judge: Hon. Barbara A. McAuliffe<br>Date: February 3, 2015<br>Time: 9:00 a.m.<br>Crtrm.: 8 |

# I.

## INTRODUCTION

This Status Conference Report is submitted by the parties in the 18 related Fair Labor Standards Act cases that have been assigned to this Court, which are scheduled for a telephonic Status Conference on February 3, 2015.

# II.

## LITIGATION HISTORY

In August 2007 an action entitled *Juan Espinoza, et al. v. County of Fresno*, Action No. 1:07-CV-01145-OWW-SMS was filed in the United States District Court for the Eastern District of California and assigned to the Honorable Judge Oliver Wanger. In that action, five Fresno County Deputy Sheriffs asserted claims for unpaid overtime under the Fair Labor Standards Act (FLSA) 29 U.S.C Section 210, et seq. This action was allowed to proceed as a collective action under 29 U.S.C. Section 216(b), and over 220 current and former members of the Fresno County Sheriff's Department joined the collective action as "opt-in plaintiffs".

On August 8, 2011, Judge Wanger denied the defendant's Motion for Summary Judgment but granted the defendant's Motion for Partial Summary Judgment regarding certain of the plaintiffs' claims, and the case proceeded on the remaining claims (Doc. 158). Following Judge Wanger's retirement from the bench, the matter was reassigned to Magistrate Judge Sandra M. Snyder. On September 7, 2012, the defendant filed a Motion for Decertification of Collective Action. On March 25, 2013, Judge Snyder issued an order granting the motion to decertify and ordering that the matter be dismissed as to the 220+ opt- in plaintiffs (Doc.181). The *Espinoza* action was ordered to proceed as to the four named plaintiffs and Judge Snyder further provided that any opt-in plaintiff who desired to continue to assert his or her claims could do so by filing a separate action. Certain of those opt-in plaintiffs did so and there are currently 18 "opt-in" plaintiffs for whom individual actions were filed. In addition, three of the named plaintiffs continued to assert claims in the original action (*Espinoza, et al. v. County of Fresno*).

When the individual actions were originally filed, they were randomly assigned to various judges. By stipulation of the parties and agreement of the Court all of the matters were reassigned

to Judge Gary S. Austin. The parties requested and Judge Austin agreed to preside over a Settlement Conference involving the parties and for that reason these matters were subsequently reassigned by stipulation of the parties to this Court for further proceedings.

At a Status Conference conducted on these cases on April 14, 2014, it was decided that one action would proceed to trial ahead of the other matters. The action selected was the original *Espinoza* action and it was scheduled to commence trial on November 3, 2014. However, shortly before trial was scheduled to commence the three Plaintiffs in that action agreed to accept a previous settlement offer made by the County. The trial was vacated and the action was subsequently dismissed. The purpose of the upcoming February 3, 2015 Status Conference is to discuss the further handling of the remaining actions.

### III.

#### FACTUAL CONTENTIONS

The plaintiffs contend that the County has failed to compensate the plaintiffs, current and former deputy sheriffs, for the time spent performing certain work activities including, but not limited to, the cleaning and maintenance of required uniforms, safety gear and Department issued firearms, as well as the non-shift time spent engaged in meeting firearm qualification required by the County. The plaintiffs seek damages in the amount of the unpaid overtime, as well as liquidated damages, interest, attorneys' fees and costs. Defendant contends that these activities are not compensable work activities for numerous reasons and that therefore the plaintiffs are not entitled to any overtime payments for the performance of these activities. The County further contends that, even if the activities were compensable activities, the time spent working these activities is *de minimis* and therefore the County has no obligation to pay the overtime.

### IV.

#### DISCOVERY

When the claims were prosecuted collectively in the *Espinoza* action, the parties conducted extensive written and oral discovery. Each side propounded Interrogatories, Requests for Admissions and Requests for Production directed to representative plaintiffs and to defendant, seeking various information and documents pertinent to the issues in the case. In addition, each

side took several depositions. The opt-in plaintiffs were not representative plaintiffs and most were not deposed.

## V.

### SETTLEMENT

As indicated above, Judge Austin conducted a Settlement Conference on February 21, 2014. At that time the parties were unable to reach a resolution of the matter.

## VI.

### FURTHER HANDLING OF REMAINING ACTIONS

As for the remaining 18 actions, one of the Plaintiffs (Brien Melkonian – Action No. 1:13-CV-01009-BAM) has agreed to accept the County's previous settlement offer, which has expired, in exchange for dismissing his action. The County is currently considering that offer. As to the 17 remaining actions, counsel for the parties agree and request that the Court set the earliest possible jury trial dates for the *Garcia* and *Millson* actions (1:13-CV-00790-BAM & 1:13-CV-00784-BAM, respectively). It is understood and requested that these be scheduled as separate trials. The parties estimate that the trial of each these actions will each require approximately 5-6 days. Plaintiffs believe it is likely that the judgment in one or both of those trials will be appealed. Defendant does not share that belief. The parties dispute whether any orders or judgments in the *Espinoza* case are appealable. The parties jointly request that the Court schedule the other actions for trial dates at various dates subsequent to the trial of the *Garcia* and *Millson* actions so they can be taken off-calendar if in fact an appeal is filed following either the *Garcia or Millson* trials.

With respect to dispositive motions, defendant previously filed extensive motions with respect to summary and partial summary judgment and decertification in the *Espinoza* action and plaintiffs' contend that the County should not be allowed a "second bite of the apple" when there is no justification for such. Plaintiffs do request that, for purposes of judicial economy and efficiency, the Court's rulings on the Motions in Limine that were presented and argued before this Court in the *Espinoza* matter be adopted and utilized as the rulings for the trials of the subsequent actions.

1    Defendant contends it is not appropriate and certainly premature to adopt any *in limine*
2 rulings made in the *Espinoza* matter as the cases of the opt-in plaintiffs are completely separate
3 matters which haven't even been discovered yet;  dispositive motions have not been made and/or
4 ruled on and there may be other developments which would make it inappropriate to adopt and/or
5 apply the same *in limine* rulings.

6    Defendant contends that it has not had an opportunity to present any motions for summary
7 judgment or partial summary adjudication as to any of the 18 opt-in plaintiffs and has not yet had
8 an opportunity or reason to depose the opt-in plaintiffs who were not representative plaintiffs in
9 the *Espinoza* case or to conduct detailed discovery as to their specific claims and  the factual basis
10 for those claims which Defendant anticipates will support a motion for summary
11 judgment/summary adjudication.  These complaints are new complaints.  The Court order granting
12 Defendant's Motion to Decertify the Collective Actions specifically found "(t)hat Plaintiffs are not
13 similarly situated with respect to their remaining claims.  These arise out of disparate factual and
14 employment settings, rebutting them will require individual defenses, and the interests of justice
15 and judicial efficiency will be frustrated if these claims proceed on a collective basis." (Document
16 181 2:1-4).  There are no rulings in the *Espinoza* matter which can be asserted as collateral
17 estoppel or res judicata in these actions.  Plaintiffs dispute this contention and wish to point out
18 that the Motions for Summary Judgment/Partial Summary Adjudication and Decertification
19 applied to the opt-in plaintiffs as well as the named plaintiffs.

20    The parties at this point believe that discovery should be limited to those issues involving
21 the *Garcia* and *Millson* lawsuits provided the dates for trial in the remaining opt-in plaintiffs'
22 cases are scheduled a sufficient time after the trials in the Garcia and Millson matters to permit
23 necessary discovery and dispositive motions, if any.  Defendant anticipates that its discovery will
24 involve propounding Requests for Admission, Requests for Production and Interrogatories to the
25 two plaintiffs, deposing Garcia, Millson, other percipient witnesses and plaintiffs' damages expert
26 but reserves the right to conduct all discovery permitted by law.  Plaintiffs anticipate that their
27 discovery will include obtaining payroll and time data for Messrs. Millson and Garcia although
28 plaintiffs also reserve the right to conduct all discovery permitted by law.

1  DATED: January 27, 2015             Respectfully submitted,

2                                      CARROLL, BURDICK & McDONOUGH LLP
                                       Attorneys at Law
3

4

5                                      By: _____/s/ James W. Henderson, Jr._____
                                           James W. Henderson, Jr.
6                                          Attorneys for Plaintiff
                                           OSCAR CARTER II
7

8

9  DATED: January 27, 2015             Respectfully submitted,

10                                     MCCORMICK, BARSTOW, SHEPPARD, WAYTE &
11                                     CARRUTH

12

13                                     By: _____/s/ Michael G. Woods_____
                                           Michael G. Woods
14                                         Attorneys for Defendant COUNTY OF FRESNO