Gary M. Messing, Bar No. 075363
James W. Henderson, Jr., Bar No. 071170
**MESSING ADAM & JASMINE LLP**
Attorneys at Law
980 9th Street, Suite 380
Sacramento, California 95814
Telephone:    916.446.5297
Facsimile:    916.448.5047

Attorneys for Plaintiff EDANGEL FUENTEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| EDANGEL FUENTEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>              Defendant. | Case No. 1:13-CV-01003-BAM<br><br>**SUPPLEMENTAL MEMORANDUM REGARDING RECOVERABILITY OF ATTORNEY'S FEES FROM PRIOR ACTION** |

## I.    INTRODUCTION

By a Minute Order following the hearing on the Motion to Determine the Preclusive Effect of Prior Rulings on May 1, 2015, the Court has requested further briefing on the question of whether or not each Individual Plaintiff, if he prevails in his lawsuit, can seek an award of attorney's fees that would include fees incurred in the *Espinoza, et al. v. County of Fresno* action. The Court has further directed that, for purposes of this briefing the parties are to assume that the *Espinoza* action is a separate action from the present action and that the present action is not a continuation of the *Espinoza* matter.

Given those parameters, it is clear that the Plaintiff can seek to recover attorney's fees incurred in the *Espinoza* action that are related to the Plaintiff's claim in the present action. First, there is nothing in the FLSA that limits the recovery of attorney's fees to only those fees incurred in the present action. Second, there is ample federal decisional law, including cases from the

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW
SACRAMENTO

-1-    Case No. 1:13-CV-01003-BAM
SUPPLEMENTAL MEMORANDUM REGARDING RECOVERABILITY OF ATTORNEY'S FEES

Ninth Circuit, in which the courts have held that attorney's fees awarded to prevailing plaintiffs can include fees incurred in other actions, even actions having no direct connection to the subject action.[1]  While it is not appropriate at this time to determine the nature and scope of the fees that can be recovered, suffice it to say that the fees incurred in the *Espinoza* action can be recovered in an award of attorney's fees if the Plaintiff prevails in this action and established that those fees were useful and of a type ordinarily necessary to secure the final result obtained from the litigation.

## II. THE FLSA DOES NOT LIMIT THE RECOVERY OF ATTORNEY'S FEES OTHER THAN THAT THE FEES MUST BE REASONABLE

With respect to the recovery of attorney's fees, section 216(b) of the Fair Labor Standards Act (FLSA) provides in pertinent part as follows:

> "The court in such actions shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Nowhere in the above-quoted provision is there any limitation on what constitutes a "reasonable attorney's fee" and the FLSA does not contain any provision that limits a successful plaintiff's recovery of attorney's fees to only those fees incurred in the subject action.  The phrase "of the action" at the end of that sentence relates only to costs, which is clearly reflected in the fact that a comma immediately follows the phrase "a reasonable attorney's fee to be paid by the defendant".  Furthermore, it is well established that this Court is not limited to considering only FLSA decisions in determining what a "reasonable attorney's fee" is.  In discussing statutory provisions allowing for the recovery of reasonable attorney fees in the Solid Waste Disposal Act and Clean Water Act, the U.S. Supreme Court in *City of Burlington v. Dague*, 505 U.S. 557, 120 L. Ed. 2d 449, 112 S. Ct. 2638, 2641 (1992) noted:

> "This language is similar to that of many other federal fee-shifting statutes, see, e.g. 42 U.S.C.  §§ 1988, 2000e-5k), 7604(d); our case law construing what is a 'reasonable' fee applies uniformly to all of them."

---

[1] As used herein, "subject action" shall refer to the action in which a plaintiff is entitled to attorney's fees as the prevailing party.

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW
SACRAMENTO

-2-     Case No. 1:13-CV-01003-BAM
SUPPLEMENTAL MEMORANDUM REGARDING RECOVERABILITY OF ATTORNEY'S FEES

### III. THE COURTS HAVE RECOGNIZED THAT IN DETERMINING A REASONABLE FEE THE PLAINTIFF IS NOT LIMITED TO ONLY THOSE FEE INCURRED IN THE SUBJECT ACTION

The determination of reasonable attorney's fees requires an analysis of a variety of factors. See *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-19 (5th Cir. 1974) (the "Johnson factors"). However in performing the analysis using the Johnson factors, the courts have long recognized that a successful plaintiff is not limited to only claiming attorney's fees incurred in the subject action.

The U.S. Supreme Court has held that in determining an aware of reasonable attorney's fees the Court must determine whether the work was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley I)*, 478 U.S. 546, 561, 106 S. Ct. 3088, 3096, 92 L. Ed. 2d 439 (1986). In *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corporation*, 995 F. 2d 425 (3rd Cir. 1993), the plaintiff, who was successful in that action, sought to recover attorney's fees incurred in another lawsuit that did not involve the defendant in the subject action. It was undisputed that the fees related to document discovery and extensive depositions of various individuals in the prior action that were directly applicable to and used in the subject action. The district court had categorically excluded the fees from the first action on the grounds that there was no judicial precedent for allowing attorney's fees to be recovered for services rendered in a previous action to which the defendant was not a party. *Gulfstream III Associates v. Gulfstream Aerospace*, 995 F. 2d at 419.

However, the Court of Appeals reversed that decision, noting that, had the prior discovery not been utilized in the action, the plaintiff would have had to duplicate at least some of that work, and the time spent and expenses incurred would have been appropriate for inclusion in this case. Ibid., at 420. The Court went on to state: "We see no reasonable basis for encouraging duplicative work" and held "if the plaintiff can prove that the fees and expenses incurred in the other litigation resulted in work product that was actually utilized in the instant litigation, that the time spent on the other litigation was 'inextricably linked' to the issues raised

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW
SACRAMENTO

-3- Case No. 1:13-CV-01003-BAM
SUPPLEMENTAL MEMORANDUM REGARDING RECOVERABILITY OF ATTORNEY'S FEES

in the present litigation, and that the plaintiff has not previously been compensated for those fees and expenses, then the district court may include those fees and expenses in its fee award." Id.

The Ninth Circuit has also recognized that fees incurred in prior proceedings can be recovered in a later action if the work is "useful and of a type ordinarily necessary" in the second proceeding. In *G&G Fire Sprinklers, Inc. v. Bradshaw*, 156 F. 3d 893 (9th Cir. 1998), reversed on other grounds by *Bradshaw v. G&G Fire Sprinklers, Inc.*, 526 U.S. 1061, 1195 S. Ct. 1450, 143 L. Ed. 2d 538 (1999) the Plaintiff, G&G Fire Sprinklers, Inc. ("G&G") filed a prior action against the state relating to certain actions that the Labor Commissioner had taken against it (The "*Garza*" action). That first action was ultimately resolved by a settlement agreement that provided that if the state initiated a new action against G&G on the same grounds that a second lawsuit could be filed. When the state took such action the subject lawsuit was filed. G&G prevailed at the trial level and sought to recover attorney's fees including fees incurred in the *Garza* action. The district court's award of attorney's fees included fees from the *Garza* action, which was appealed by the state defendants. The Ninth Circuit affirmed the award of fees in that situation, noting:

> Here, G&G made a showing that the work done in the Garza lawsuit was directly related to the present action – the allegations in that suit were identical to those made here. Counsel for G&G stated that the legal research and analysis performed in *Garza* were necessary for this action and accordingly saved him from expending more time on this lawsuit. Thus, . . . the prior proceeding here was related to the present action. The two can even be viewed as a continuum of proceedings necessary to achieve the relief finally granted, given that the *Garza* case ended as a settlement stating that if the state took further action, G&G could refile the lawsuit, which is what happened. Moreover, caselaw reveals no requirement that a party must have prevailed in a prior proceeding to use that as a basis for attorney fees in another action." *G&G Fire Sprinklers, Inc. v. Bradshaw*, 156 F. 3d at 908.

The Ninth Circuit has also held that an award of attorney's fees can include work done in another proceeding even where the defendant in the subject action was not a party to the prior matter. Thus, in *Armstrong v. Davis*, 318 F. 3d 965 (9th Cir. 2002), the Ninth Circuit, citing the *G&G Fire Sprinklers, Inc.* decision, affirmed the district court's awarding attorney's fees that

included fees incurred by the plaintiff's counsel in filing an amicus brief in another action. *Armstrong v. Davis*, 318 F. 3d at 971. *See also Hasbrouck v. Texaco, Inc.*, 879 F. 2d 632, 638 (9th Cir. 1989); *Gates v. Gomez*, 60 F. 3d 525, 535 (9th Cir. 1995).

Additionally, the federal courts have also recognized that in situations like the present one, successful plaintiffs can recover attorney's fees for time expended in prior collective actions that were subsequently decertified. Thus, in *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F. 3d 567 (6th Cir. 2009) the plaintiffs, who were successful in asserting FLSA claims, sought to recover not only attorney's fees incurred in the subject (individual) action but fees that had been expended while those plaintiffs were members of a prior collective action that the district court had decertified. The defendants claimed that because the plaintiffs in the subsequent action were not successful in the collective action they were not entitled to attorney's fees under 29 U.S.C. Section 216(b). The District Court agreed and excluded all fees incurred in the prior collective action. The Court of Appeals for the Third District summarized the position of the district court and the defendants as follows:

> "[T]he district court and defendants reason that the statute authorizes an award of fees only in 'the action' where a plaintiff prevails, 29 U.S.C. Section 216(b) ('The court in such actions shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.') (emphasis added); . . . . The plaintiffs did not prevail in [the collective action] and therefore, say defendants, any fees incurred in [the collective action] cannot be awarded."
> *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F. 3d at 576. (brackets added.)

The Court of Appeals rejected this argument, noting:

> "Such a wooden reading of the statute is unnecessary, and at a different point in the district court's opinion, the court appears to acknowledge this. . . . (district court expressing difficulty in determining 'how much time was spent on tasks in the [collective] matter that were necessary, not redundant, and contributory to the success of the six plaintiffs on counts I and II of [the individual action]). The reality is that discovery concerning the [subsequent action] plaintiffs' claims took place in [the collective action]. Expenses that plaintiffs' counsel incurred while trying to obtain collective–action certification in [the collective action] should not be attributed to the prosecution of [the subsequent action] plaintiffs' particular claims, unless these

MESSING ADAM &
JASMINE LLP
ATTORNEYS AT LAW
SACRAMENTO

-5-   Case No. 1:13-CV-01003-BAM
SUPPLEMENTAL MEMORANDUM REGARDING RECOVERABILITY OF ATTORNEY'S FEES

expenses benefited [the subsequent action] plaintiffs' individual claims. For instance, fees for depositions in [the collective action] that uncovered the facts surrounding the [subsequent action] plaintiffs' claims, even if the depositions were conducted as part of the [collective action] plaintiffs' efforts to obtain collective-action certification, should not be rejected on the basis of the FLSA." Ibid. (brackets added.)

*In Re: Unisys Corporation Retiree Medical Benefits ERISA Litigation,* 2008 W.L. 2600364 (Ed Penn. June 26, 2008) involved ERISA claims asserted by a group of retired employees of the defendants. An original class action was decertified and thereafter 14 of the individual plaintiffs asserted their individual claims in a lawsuit known as the "*Adair* case". The plaintiffs were ultimately successful on some of their claims and sought statutory attorney's fees that were incurred prior to the *Adair* case. The defendants opposed this application arguing that the claimed work was not "inextricably linked" to the subject action. The district court rejected this contention, noting:

> "Defendant's argument that the Prevailing Plaintiffs have not shown that the work is 'inextricably linked' to the instant litigation is misplaced, however, in light of one crucial fact: the *Adair* litigation is not 'related' to the original class action, but is instead the *same* litigation proceeding under a different caption. After the original class action was decertified, the parties agreed by stipulation to continue the class litigation as individual actions and the Defendant acknowledged as much at the trial . . . . Accordingly, the work performed pre-decertification was continued after decertification. The Court therefore rejects Defendant's argument that all pre-*Adair* work should be excluded." *In Re Unisys Corporation Retiree Medical Benefits ERIASA Litigation*, at *9.

Finally, while it is clear that an award of attorney's fees in the Individual Actions can include fees that were incurred in the *Espinoza* case, the determination of the type and amount of such recoverable fees must await the ultimate disposition of each of the Individual Actions. If in fact each Individual Plaintiff is not successful in his claim then there will be no attorney's fees recoverable by any of the Individual Plaintiffs. On the other hand, if they are successful and can show that activities in the *Espinoza* case were both useful and of a type ordinarily necessary to advance those claims, the fees incurred for such activities could be awarded. However, the

determination of the nature and extent of any such recoverable fees is not an appropriate consideration for the Court at this point. *See Byron v. Genovese Drug Stores, Inc.*, 903 F. Supp. 2d 124, 132 (E.D. N.Y. 2012) ("As the plaintiff's claims have yet to be resolved, it is not necessary of the court to determine at this juncture whether such an award of attorney's fees [fees incurred in a prior action] would be appropriate in this case." (brackets added.))

                                Respectfully submitted,

                                **MESSING ADAM & JASMINE LLP**

                                /s/ James W. Henderson, Jr.

Date: May 15, 2015                  James W. Henderson, Jr.